# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 0:25-cv-60645-AHS

TIKTOK GLOBAL LLC,

      Plaintiff,

vs.

BYTEDANCE LTD., TIKTOK INC. and
YIMING ZHANG,

      Defendants.

_____/

## DEFENDANTS BYTEDANCE LTD. AND TIKTOK INC.'S
## MOTION TO DISMISS AMENDED COMPLAINT

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................ 2

ARGUMENT ..................................................................................................................... 4

I.     The Court Lacks Subject Matter Jurisdiction. ..................................................... 4

     A.     Plaintiff lacks standing ............................................................................. 4

     B.     Count Five fails to present a justiciable controversy. ............................. 6

II.     Plaintiff Fails to State a Claim. ........................................................................... 7

     A.     Plaintiff's antitrust claim fails .................................................................. 7

     B.     Plaintiff's tortious interference claim fails. ............................................. 9

     C.     Plaintiff's unjust enrichment claim fails. ............................................... 11

     D.     Plaintiff's consumer protection claims fail. ........................................... 12

     E.     Plaintiff's RICO claims fail. ................................................................... 14

     F.     Plaintiff's request for declaratory relief fails. ....................................... 17

III.     Plaintiff's Claims Are Time-Barred .................................................................. 18

CONCLUSION ................................................................................................................ 20

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Aldana v. Del Monte Fresh Produce, N.A., Inc.,*
    416 F.3d 1242 (11th Cir. 2005) ...................................................................12

*Am Dental Ass'n v. Cigna Corp.,*
    605 F.3d 1283 (11th Cir. 2010) ...................................................................15

*Andrew Greenberg, Inc. v. Svane, Inc.,*
    36 A.D.3d 1094 (N.Y. 2007) .......................................................................19

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...................................................................................5, 7

*Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.,*
    68 F.3d 409 (11th Cir. 1995) .........................................................................4

*Atlantic Richfield Co. v. USA Petroleum Co.,*
    495 U.S. 328 (1990) .......................................................................................8

*Blessinger v. Aecom,*
    526 F. Supp. 3d 1319 (S.D. Fla. 2021) .......................................................18

*Bochese v. Town of Ponce Inlet,*
    405 F.3d 964 (11th Cir. 2005) .......................................................................5

*Boon Rawd Trading Int'l Co., v. Paleewong Trading Co.,*
    688 F. Supp. 2d 940 (N.D. Cal. 2010) ........................................................19

*Brooks v. Blue Cross & Blue Shield of Fla.,*
    116 F.3d 1364 (11th Cir. 1997) ...................................................................18

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,*
    429 U.S. 477 (1977) .......................................................................................7

*Buckley v. Moore,*
    2021 WL 3173185 (S.D. Fla. July 26, 2021) ..............................................13

*BWG Design Ltd., Inc. v. Serv. Am. Corp.,*
    2010 WL 5014289 (S.D. Fla. Dec. 3, 2010) ...............................................10

*Cisneros v. Petland, Inc.,*
    972 F.3d 1204 (11th Cir. 2020) .............................................................14, 15

*City of L.A. v. Bank of Am.,*
    2015 WL 4880511 (C.D. Cal. May 11, 2015) .............................................20

*Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*,
  752 F. Supp. 2d 1271 (S.D. Fla. 2010) ........................................................9

*Collier HMA Physician Mgmt., LLC v. NCH Healthcare Sys., Inc.*,
  591 F. Supp. 3d 1204 (M.D. Fla. 2022) ......................................................10

*Comercial Ltda v. BPI Sports, LLC*,
  2016 WL 9375202 (S.D. Fla. Aug. 11, 2016) ............................................13

*Crockett v. C.A.G. Invs., Inc.*,
  361 S.W.3d 262 (Ark. 2010) ......................................................................10

*Crown Imports, LLC v. Sup. Ct.*,
  168 Cal. Rptr. 3d 228 (Cal. Ct. App. 2014) ..............................................10

*Crystal Clear Comp. Sols. LLC v. City of Helena-West Helena*,
  559 F. Supp. 3d 837 (E.D. Ark. 2021) ......................................................11

*Davis v. BAC Home Loans Servicing, L.P.*,
  2022 WL 4535623 (D. Del. Sept. 28, 2022) ..............................................20

*Davis v. Chapon*,
  2015 WL 10791962 (M.D. Fla. Aug. 11, 2025) ........................................12

*Davis v. Great N. Ins. Co.*,
  650 F. Supp. 3d 1332 (S.D. Fla. 2023) ......................................................10

*Deutsch v. Cook*,
  2021 WL 5771667 (E.D. Cal. Dec. 6, 2021) ..............................................20

*DJ Lincoln Ents., Inc. v. Google, LLC*,
  2021 WL 3079855 (S.D. Fla. July 21, 2021) ............................................14

*Drummond v. Zimmerman*,
  454 F. Supp. 3d 1210 (S.D. Fla. 2020) ......................................................15

*Durr v. Strickland*,
  602 F.3d 788 (6th Cir. 2010) ....................................................................17

*Effs v. Sony Pictures Home Ent., Inc.*,
  197 So.3d 1243 (Fla. Dist. Ct. App. 2016) ................................................19

*Energy Transp. Grp., Inc. v. Maritime Admin.*,
  956 F.2d 1206 (D.C. Cir. 1992) ..................................................................6

*Enzo Biochem, Inc. v. Amersham PLC*,
  981 F. Supp. 2d 217 (S.D.N.Y. 2013) ........................................................19

*Expert Masonry, Inc. v. Boone Cnty., Ky., Fiscal Ct.*,
   440 F.3d 336 (6th Cir. 2006) ................................................................................8

*Fla. Wildlife Fed., Inc. v. S. Fla. Water Mgmt. Dist.*,
   647 F.3d 1296 (11th Cir. 2011) ............................................................................4

*Flatirons Bank v. Alan W. Steinberg Ltd P'ship*,
   233 So.3d 1207 (Fla. Dist. Ct. App. 2017) ........................................................20

*In re Fundamental Long Term Care, Inc.*,
   873 F.3d 1325 (11th Cir. 2017) ..........................................................................20

*Goel v. Ramachandran*,
   111 A.D.3d 783 (N.Y. App. Div. 2013) ..............................................................11

*Golden v. Mercury Auto Transp., LLC*,
   2024 WL 821361 (S.D. Fla. Jan. 30, 2024) ........................................................13

*Greenspan v. IAC/InterActiveCorp*,
   2016 WL 5724972 (N.D. Cal. Sept. 30, 2016) .....................................................2

*Greenspan v. News Corp.*,
   2016 WL 74921 (Del. Ch. Jan. 6, 2016) ...............................................................2

*Gunn v. Farmers Ins. Exch.*,
   372 S.W.3d 346 (Ark. 2010) ...............................................................................19

*H.J. Inc. v. Northwestern Bell Tel. Co.*,
   492 U.S. 229 (1989) ............................................................................................14

*Hampton v. Wells Fargo Bank, N.A.*,
   2022 WL 798120 (E.D. Ark. Mar. 15, 2022) ......................................................20

*Harris v. Procter & Gamble Cellulose Co.*,
   73 F.3d 321 (11th Cir. 1996) ................................................................................7

*Hatchell v. Wren*,
   211 S.W.3d 516 (Ark. 2005) ...............................................................................11

*Hendrix v. Poonai*,
   662 F.2d 719 (11th Cir. 1981) ..............................................................................7

*Hogan v. Georgia*,
   812 Fed. Appx. 975 (11th Cir. 2020) ..................................................................20

*Jackson v. BellSouth Telecomm.*,
   372 F.3d 1250 (11th Cir. 2004) .....................................................................14, 16

*Jacobs v. Tempur-Pedic Int'l, Inc.*,
626 F.3d 1327 (11th Cir. 2010) ...................................................................................7, 9

*In re Jan. 2021 Short Squeeze Trading Litig.*,
105 F.4th 1346 (11th Cir. 2024) ..................................................................................7, 9

*Kalmanovitz v. G. Heileman Brewing Co.*,
769 F.2d 152 (3d. Cir. 1985).............................................................................................8

*Keller v. FCOA, LLC*,
2016 WL 110590 (W.D. Ark. Jan. 8, 2016) ....................................................................20

*Klayman v. Clinton*,
2015 WL 10857500 (S.D. Fla. Aug. 11, 2015).................................................................16

*L.I. Head Start Child Dev. Servs. v. Econ Opp'y Comm'n of Nassau Cnty*,
558 F. Supp. 2d 378 (E.D.N.Y. 2008) ............................................................................20

*LiveVideo.AI Corp. v. Redstone*,
2025 WL 641465 (S.D.N.Y. Feb. 27, 2025)......................................................................2

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992).......................................................................................................4, 5

*MAC East, LLC v. Shoney's*,
535 F.3d 1293 (11th Cir. 2008) ......................................................................................11

*Maiz v. Virani*,
253 F.3d 641 (11th Cir. 2001) ........................................................................................19

*Malowney v. Fed. Collection Dep. Grp.*,
193 F.3d 1342 (11th Cir. 1999) ........................................................................................6

*Malpiede v. Townson*,
780 A.2d 1075 (Del. 2001) .............................................................................................10

*Marland v. Trump*,
498 F. Supp. 3d 624 (E.D. Pa. 2020) ................................................................................2

*Matana v. Merkin*,
957 F. Supp. 2d 473 (S.D.N.Y. 2013)..............................................................................20

*Miller v. Donald*,
541 F.3d 1091 (11th Cir. 2008) ........................................................................................5

*MirTech Inc. v. AgroFresh Inc.*,
561 F. Supp. 3d 447 (D. Del. 2021)..................................................................................20

*Mitsui O.S.K. Lines, Ltd. v. Dynasea Corp.*,
    85 Cal. Rptr. 2d 1 (Cal. Ct. App. 1999) ..................................................................12

*Morton's Market, Inc. v. Gustafson's Dairy, Inc.*,
    198 F.3d 823 (11th Cir. 1999) .............................................................................18

*Mtn Home Flight Serv., Inc. v. Baxter Cnty*,
    2012 WL 2339722 (W.D. Ark. June 19, 2012) .......................................................19

*MYD Marine Distributors, Inc. v. Donovan Marine, Inc.*,
    2009 WL 701003 (S.D. Fla. Mar., 16, 2009) ........................................................18

*Nat'l Parks Conservation Ass'n, Inc. v. U.S. Army Corps of Eng.*,
    574 F. Supp. 2d 1314 (S.D. Fla. 2008) ...................................................................7

*Nemec v. Shrader*,
    991 A.2d 1120 (Del. 2010) .................................................................................11

*Newer v. FCA US LLC*,
    552 F. Supp. 3d 1344 (S.D. Fla. 2021) .................................................................18

*Ohio v. Am. Express Co.*,
    585 U.S. 529 (2018) ......................................................................................8, 9

*Optronic Techs. v. Celestron Acquisition, LLC*,
    329 Cal. Rptr. 3d 714 (Cal. Ct. App. 2025) ..........................................................19

*Pace Indus., Inc. v. Three Phoenix Co.*,
    813 F.2d 234 (9th Cir. 1987) ..............................................................................19

*Padilla v. Porsche Cars N. Am., Inc.*,
    391 F. Supp. 3d 1108 (S.D. Fla. 2019) ...........................................................17, 18

*Peterson v. Cellco P'ship*,
    80 Cal. Rptr. 3d 316 (Cal. Ct. App. 2008) ............................................................11

*Progressive Sterilization, LLC v. Turbett Surg. LLC*,
    2020 WL 1849709 (D. Del. Apr. 13, 2020) ..........................................................19

*Provident Life & Acc. Ins. Co. v. Transam.-Occidental Life Ins. Co.*,
    850 F.2d 1489 (11th Cir. 1988) ...........................................................................7

*Ray v. Spirit Airlines, Inc.*,
    836 F.3d 1340 (11th Cir. 2016) ..........................................................................16

*Shekerdemian v. Silverback United Inc.*,
    2024 WL 3312036 (S.D. Fla. June 5, 2024) .........................................................11

*Sivas v. Luxottica Retail N. Am., Inc.*,
  2019 WL 4189811 (E.D. Cal. Sept. 4, 2019) .......................................................................11

*SmithKline Beecham v. Merck & Co.*,
  766 A.2d 442 (Del. 2000) ........................................................................................................19

*State Farm Mut. Auto. Ins. Co. v. Performance Ortho. & Neurosurgery, LLC*,
  315 F. Supp. 3d 1291 (S.D. Fla. 2018) ..............................................................................12, 13

*Sundance Apartments I, Inc. v. Gen. Elec. Cap. Corp.*,
  581 F. Supp. 2d 1215 (S.D. Fla. 2008) ..................................................................................20

*In re Takata Airbag Prod. Liab. Litig.*,
  255 F. Supp. 3d 1241 (S.D. Fla. 2017) ..............................................................................11, 12

*In re Takata Airbag Prods. Liab. Litig.*,
  524 F. Supp. 3d 1266 (S.D. Fla. 2021) ..................................................................................13

*TikTok Inc. v. CFIUS*,
  No. 20-1444 (D.C. Cir. Nov. 10, 2020) ....................................................................................6

*TikTok Inc. v. Trump*,
  490 F. Supp. 3d 73 (D.D.C. 2020) ...........................................................................................2

*TikTok Inc. v. Trump*,
  507 F. Supp. 3d 92 (D.D.C. 2020) ...........................................................................................2

*Tymar Dist. LLC v. Mitchell Grp. USA, LLC*,
  558 F. Supp. 3d 1275 (S.D. Fla. 2021) ..................................................................................13

*U1itforless, Inc. v. FedEx Corp.*,
  871 F.3d 199 (2d Cir. 2017) .....................................................................................................14

*Ubuy Holdings, Inc. v. Gladstone*,
  340 F. Supp. 2d 1343 (S.D. Fla. 2004) ..................................................................................15

*United States v. Topco Assocs., Inc.*,
  405 U.S. 596 (1972) ..................................................................................................................8

*Zarfati v. Artsana USA, Inc.*,
  2025 WL 373081 (S.D. Fla. Jan. 15, 2025) ............................................................................13

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
  401 U.S. 321 (1971) ................................................................................................................19

*Zetes v. Stephens*,
  108 A.D.3d 1014 (N.Y. App. Div. 2013) ................................................................................10

**Statutes**

15 U.S.C. § 1 ...................................................................................................................7, 8

18 U.S.C. § 201 ...................................................................................................................16

18 U.S.C. § 1831 .................................................................................................................16

18 U.S.C. § 1839 ...........................................................................................................15, 16

18 U.S.C. § 1961 ...........................................................................................................14, 15

Fla. Stat. § 501.204 ................................................................................12, 13, 18, 20

Pub. L. 118–50, div. H, 138 Stat. 955.............................................................7, 17, 18

**Other Authorities**

85 Fed. Reg. 48,637 (Aug. 11, 2020).............................................................................2

85 Fed. Reg. 51,297 (Aug. 19, 2020).....................................................2, 3, 5, 10, 17

90 Fed. Reg. 15,209 (Apr. 9, 2025) ........................................................................17, 18

## INTRODUCTION[1]

Defendants' prior motion to dismiss (ECF 10) demonstrated that Plaintiff lacks standing, fails to state a claim, and seeks relief that is time-barred. Nothing in Plaintiff's First Amended Complaint ("FAC") addresses any of those deficiencies. Instead, Plaintiff sues a non-existent entity and adds two frivolous and time-barred civil RICO counts, a duplicative, deficient, and time-barred FDUTPA count, and a deficient count for declaratory relief. This Court should dismiss this action with prejudice.

As with the original complaint, the FAC makes clear that Plaintiff lacks standing. Defendants' alleged rejection of Plaintiff's predecessors' unsolicited offers to buy TikTok's U.S. operations in 2020 caused no redressable injury to Plaintiff—or to anyone else.

As with the original complaint, even if this Court had jurisdiction (it does not), each cause of action fails to state a claim. Plaintiff's antitrust claim alleges no harm to competition. Plaintiff's tortious interference claim alleges no business relations with existing or prospective legal rights. Plaintiff's unjust enrichment claim alleges no benefit conferred. Plaintiff's consumer protection claims allege no consumer harm. Plaintiff's RICO claims allege no pattern of predicate criminal activity. And Plaintiff's request for declaratory relief is not based on an underlying cause of action.

As with the original complaint, even if any of Plaintiff's claims were cognizable (they are not), the applicable statutes of limitations—four years at the most—began to run in 2020, but Plaintiff did not file this suit until 2025. Dismissal should be with prejudice. Despite being on notice of its many independent deficiencies, the FAC did not cure any of them. Instead, it added more frivolous and time-barred claims. There is no basis for further leave to amend.

---

[1] This motion is brought by ByteDance Ltd. and TikTok Inc. ("Defendants"). Yiming Zhang has not been served. To the undersigned's knowledge, "Beijing Byte Dance Telecommunications Co. Ltd." does not exist (and has not ever existed).

## BACKGROUND

TikTok is an online entertainment platform provided in the United States by TikTok Inc.,
a California company. (FAC ¶ 15).[2] TikTok Inc. is a subsidiary of ByteDance Ltd. ("ByteDance")
(*id.* ¶ 7), which is incorporated in the Cayman Islands. In 2020, Yiming Zhang was ByteDance's
CEO. (*Id.*). The FAC names an additional defendant: Beijing Byte Dance Telecommunications
Co. Ltd. (*id.* ¶ 17), but no company with that name exists.

On August 14, 2020, President Trump issued an order that purported to require ByteDance
to divest from its TikTok U.S. business within 90 days. (*Id.* ¶ 22); *see also* Order Regarding the
Acquisition of Musical.ly by ByteDance Ltd., 85 Fed. Reg. 51,297 (Aug. 19, 2020) ("Order" or
"Aug. 14, 2020 Order").[3] Plaintiff "TikTok Global LLC," which has no affiliation with
Defendants, alleges that its principal, Brad Greenspan, hoped to acquire TikTok's U.S. operations
from ByteDance. (FAC ¶ 31; FAC Ex. 1, at 4).[4]

Plaintiff alleges that, in August 2020, Greenspan, also the principal of Plaintiff's
predecessors, contacted TikTok's then-CEO Kevin Mayer about acquiring TikTok's U.S.

---

[2] This motion to dismiss assumes that the factual allegations in the FAC are true. For avoidance of doubt, Defendants do not concede the accuracy of any factual allegation.

[3] President Trump issued another order targeting ByteDance on August 6, 2020, purporting to ban transactions with ByteDance and its subsidiaries in the U.S. under the International Emergency Economic Powers Act. (FAC ¶ 21); *see also* Exec. Order No. 13942, 85 Fed. Reg. 48,637 (Aug. 11, 2020). That order was enjoined following lawsuits brought by ByteDance, TikTok Inc., and others. *See TikTok Inc. v. Trump*, 490 F. Supp. 3d 73, 86 (D.D.C. 2020); *TikTok Inc. v. Trump*, 507 F. Supp. 3d 92, 115 (D.D.C. 2020); *Marland v. Trump*, 498 F. Supp. 3d 624, 645 (E.D. Pa. 2020).

[4] Greenspan is a serial plaintiff who has been declared a vexatious litigant. *See Greenspan v. IAC/InterActiveCorp*, 2016 WL 5724972, at *3 (N.D. Cal. Sept. 30, 2016). He has filed numerous lawsuits alleging conspiracies stemming from corporate transactions. *See, e.g.*, *LiveVideo.AI Corp. v. Redstone*, 2025 WL 641465, at *1 (S.D.N.Y. Feb. 27, 2025); *IAC/InterActiveCorp*, 2016 WL 5724972, at *1; *Greenspan v. News Corp.*, 2016 WL 74921, at *1 (Del. Ch. Jan. 6, 2016). Plaintiff "TikTok Global LLC" appears to have been created on March 25, 2025, nine days before this lawsuit was filed. *See* Fla. Dep't of State Div. of Corps., https://perma.cc/D94W-XHPW (last visited June 2, 2025).

operations. (FAC ¶ 28). Before they could meet, Mayer resigned as CEO, and Greenspan allegedly began communicating with different ByteDance executives "by email and LinkedIn messages" to inform them "of Plaintiff's impending intent to acquire its TikTok U.S. property." (*Id.* ¶¶ 30, 33).

Plaintiff alleges that its predecessors—TikTok Global Network Inc., an Arkansas-based company, and TikTok Global Inc., a Delaware-incorporated company—were incorporated on September 6, 2020. (*Id.* ¶¶ 14, 31). Three days later, the companies submitted "notice to CFIUS [the Committee on Foreign Investment in the United States] under Section 2(d)(i) [of the Aug. 14, 2020 Order] of [their] intent to bid for TikTok's U.S. operations." (*Id.* ¶ 37). The purported "notice" acknowledges that neither Greenspan nor his companies had any existing direct or indirect relationship with ByteDance or any of its officers, employees, or shareholders. (FAC Ex. 1, at 4).

Nothing in the Aug. 14, 2020 Order contemplated Plaintiff's purported "notice" to CFIUS. Section 2(d) of the Order, rather, outlined a procedure by which *ByteDance* could notify CFIUS of an intended buyer—*not* a procedure by which any other party could do so. 85 Fed. Reg. 51,297.

After its purported "notice," Plaintiff alleges that Greenspan followed up with CFIUS and ByteDance five days later, on September 14, 2020. (FAC ¶ 78). Plaintiff alleges that, later that morning, then-Treasury Secretary Mnuchin appeared on the television network CNBC, at which time he "announced that Oracle had been selected as the 'trusted technology partner' for TikTok's U.S. operations" and "unveiled his own version of 'TikTok Global.'" (FAC ¶¶ 92–93).

According to the FAC, Greenspan and an associate then contacted Oracle, several members of Congress, and others, regarding the offer to buy TikTok's U.S. operations. (*Id.* ¶¶ 113, 116, 128; FAC Ex. 5, 6). Plaintiff alleges that "ByteDance publicly endorsed Mnuchin's 'TikTok Global' venture" through a blog post on its website on September 20, 2020. (FAC ¶ 117). On September 24, 2020, Plaintiff claims that its predecessors submitted an updated bid, which

ByteDance and its CEO allegedly refused to accept. (*Id.* ¶¶ 127, 131). Plaintiff claims that, as a result, it has endured "crushing lost profits and priceless business opportunities that would have flowed naturally from a successful acquisition of TikTok's U.S. operations." (*Id.* ¶ 139).

Plaintiff filed this lawsuit on April 3, 2025, more than four-and-a-half years after Defendants purportedly declined to accept Plaintiff's predecessors' alleged offers. Plaintiff now asserts claims for violation of the Sherman Antitrust Act (Count One), tortious interference (Count Two), unjust enrichment (Count Three), violations of the Florida Deceptive and Unfair Trade Practices Act (Counts Four and Six), violations of the Racketeer Influenced and Corrupt Organizations Act (Counts Seven and Eight), and declaratory relief (Count Five).

## ARGUMENT

Plaintiff's claims fail for multiple reasons: (1) under Rule 12(b)(1) for lack of standing and, as to Count Five, a justiciable controversy; (2) under Rule 12(b)(6) for failure to state a claim; and (3) under Rule 12(b)(6) due to the expiration of the statute of limitations apparent from the FAC.

## I.    The Court Lacks Subject Matter Jurisdiction.

A federal court "cannot exercise jurisdiction over cases where the parties lack standing." *Fla. Wildlife Fed., Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011). Neither can it exercise jurisdiction over a claim that does not present a justiciable controversy. *See Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995).

### A.    Plaintiff lacks standing.

To have standing, a plaintiff must demonstrate: (1) a concrete and particularized injury in fact, either actual or imminent, (2) a causal connection between the injury and the defendant's challenged conduct, and (3) a likelihood that the injury suffered will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiff's alleged injuries are its purported lost profits and missed business opportunities from not acquiring TikTok's U.S.

operations from ByteDance. (*See* FAC ¶¶ 147, 179, 191, 206, 221, 235). Plaintiff's alleged injuries do not confer standing.

*First*, Plaintiff's alleged injuries "amount to no more than conjecture." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 984 (11th Cir. 2005). Even assuming that Plaintiff had the financial means to effectuate its "offer," it is beyond implausible that ByteDance would have sold TikTok's U.S. operations to Plaintiff's predecessors based on a handful of "email and LinkedIn messages" to generic inboxes and other addresses allegedly associated with the company (FAC ¶ 33; FAC Ex. 1, 2), from someone who had already been declared a vexatious litigant by a federal court, *see* n.4, *supra*, with no prior relationship with Defendants (FAC Ex. 1, at 4). "[W]ildly implausible allegations in the complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

*Second*, even if Greenspan's emails, clip-art-infused slides (FAC pp. 7, 9, 17), and purported "Asset Purchase Agreement" (FAC Ex. 8) represented a plausible bid to acquire a company allegedly valued at the time at more than $50 billion (FAC Ex. 4, at 20), Plaintiff's communications did not trigger the legal consequences that it imagines (*see, e.g.*, FAC ¶ 201), let alone give rise to a legal interest sufficient to confer standing, *see Lujan*, 504 U.S. at 560 (to have standing, plaintiff must have suffered "an invasion of a legally protected interest"). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Aug. 14, 2020 Order did not give Plaintiff any legal right. The Order required ByteDance to divest its U.S. TikTok assets and directed *ByteDance*—and *only* ByteDance—to notify CFIUS of the intended recipient or buyer of the assets before a divestiture could be completed. *See* 85 Fed. Reg. 51,297, Sec. 2(d)(i). It did not create any process by which parties could submit bids to CFIUS (or anyone else) for consideration.

—5—

*Third*, even if Plaintiff *did* have some sort of legal interest traceable to the Aug. 14, 2020 Order (it did not), shortly after Greenspan allegedly submitted his bids, Defendants challenged the Order in court, which led to it not being enforced.[5]

The upshot is that, despite the issuance of the Aug. 14, 2020 Order, ByteDance was not forced to sell TikTok's U.S. assets in the fall of 2020, and no CFIUS-mandated divestment ever occurred. It is already utterly implausible that ByteDance would have entertained an offer from Plaintiff under "fire sale" conditions in 2020 created by the Order; it is even more fanciful that ByteDance would have sold TikTok's U.S. operations to Plaintiff under normal conditions. *See Energy Transp. Grp., Inc. v. Maritime Admin.*, 956 F.2d 1206, 1211 (D.C. Cir. 1992) ("There could be no real injury—certainly no injury 'fairly traceable' to the allegedly illegal act—unless the plaintiff would have had some chance of prevailing in a bidding free of the alleged illegalities.").[6]

### B. Count Five fails to present a justiciable controversy.

The Court lacks subject matter jurisdiction over Plaintiff's request for declaratory relief (Count Five) for the additional reason that the request does not present a justiciable controversy. *See Malowney v. Fed. Collection Dep. Grp.*, 193 F.3d 1342, 1348 (11th Cir. 1999). Count Five asks the Court to determine the legal significance of Plaintiff's alleged acquisition offers, including

---

[5] *See* Pet. for Review, *TikTok Inc. v. CFIUS*, No. 20-1444 (D.C. Cir. Nov. 10, 2020) (challenging the Order as exceeding the President's statutory authority, violating due process rights, violating the Administrative Procedure Act, and effecting an unconstitutional taking); Order, *TikTok Inc. v. CFIUS*, No. 20-1444 (D.C. Cir. Feb. 19, 2021) (ordering that the case be held in abeyance and directing the government to file periodic status reports); Status Report, *TikTok Inc. v. CFIUS*, No. 20-1444 (D.C. Cir. Apr. 15, 2025) (abeyance continues to be appropriate).

[6] Apparently referring to Defendants' alleged use of the phrase "TikTok Global" in a blog post and Secretary Mnuchin's use of the same phrase on CNBC, Plaintiff complains of "misappropriation of its corporate identity and branding." (FAC ¶ 147). Plaintiff appears to claim that this prevented it from raising money from investors to buy TikTok's U.S. assets. (*Id.* ¶¶ 172, 235; FAC Ex. 12). For the reasons stated above, however, it is implausible that Plaintiff's alleged bid to buy TikTok's U.S. assets had any chance of success, no matter whether any "misappropriation" of *Plaintiff's* "brand" occurred (it did not).

whether ByteDance has an obligation to divest from its U.S. operations under the Protecting Americans from Foreign Adversary Controlled Applications Act ("PAFACA") and the Aug. 14, 2020 Order. (FAC ¶ 232). But Plaintiff's "offers" have been withdrawn (FAC ¶ 136), rendering their legal significance moot. *See Nat'l Parks Conservation Ass'n, Inc. v. U.S. Army Corps of Eng.*, 574 F. Supp. 2d 1314, 1320 (S.D. Fla. 2008) (expiration of permit renders claims based on permit moot). And there is no federal jurisdiction for Plaintiff's "abstract question" about Defendants' compliance with federal law. *See Hendrix v. Poonai*, 662 F.2d 719, 722 (11th Cir. 1981); *see also Provident Life & Acc. Ins. Co. v. Transam.-Occidental Life Ins. Co.*, 850 F.2d 1489, 1491 (11th Cir. 1988) (no justiciable controversy when plaintiff has "no interest" in the claim).

## II.     Plaintiff Fails to State a Claim.

A Rule 12(b)(6) motion tests the sufficiency of the pleadings. *See Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996). "Plausibility is the key, as the well-pled allegations must nudge the claim across the line from conceivable to plausible." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. As detailed below, the FAC fails to plausibly allege any actionable claims.

### A.     Plaintiff's antitrust claim fails.

Count One asserts a violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, which requires Plaintiff to "show that defendants had a (1) conspiracy that (2) unreasonably restrained trade." *In re Jan. 2021 Short Squeeze Trading Litig.*, 105 F.4th 1346, 1354 (11th Cir. 2024). This claim fails for multiple reasons.

*First*, the "antitrust laws ... were enacted for the protection of competition not competitors." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 488 (1977) (quotations omitted). To bring an antitrust action, a plaintiff must have suffered an "antitrust injury," which is

an injury "attributable to an anti-competitive aspect of the practice under scrutiny." *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 334 (1990). Plaintiff does not plausibly allege that its injury (lost profits from not acquiring TikTok's U.S. operations) stems from a reduction in competition. *See Expert Masonry, Inc. v. Boone Cnty., Ky., Fiscal Ct.*, 440 F.3d 336, 348 (6th Cir. 2006) (no antitrust injury suffered by "dejected buyers or sellers who simply allege that one buyer and one seller colluded to reach a deal that may or may not have been inferior to the deal offered by the disappointed party").

*Second*, the FAC does not plausibly allege a restraint on "trade," a term used in the Sherman Act to mean the "commercial competition in the marketing of goods or services." *Kalmanovitz v. G. Heileman Brewing Co.*, 769 F.2d 152, 156 (3d. Cir. 1985) (quoting *Apex Hosiery Co. v. Leader*, 310 U.S. 469, 495 (1940)). Plaintiff's alleged bid, which Defendants allegedly restrained by blocking, "does not fall within this definition." *Id.* "The antitrust laws simply were not designed to regulate this type of corporate power struggle." *Id.*

*Third*, Plaintiff fails to invoke any plausible theory of an antitrust violation. Plaintiff's use of buzzwords like "market allocation," "bid rigging," "concerted refusal to deal," and "group boycott" (FAC ¶¶ 153–56) are immaterial. Each of these antitrust concepts requires a "horizontal agreement" between competitors. *See, e.g.*, *Ohio v. Am. Express Co.*, 585 U.S. 529, 540–41 (2018) ("Typically only 'horizontal' restraints—restraints 'imposed by agreement between competitors'—qualify as unreasonable *per se*."). But Plaintiff has not alleged that Defendants and their alleged co-conspirator Oracle are horizontal competitors. To the contrary, the FAC alleges that Defendants provide a short-form video platform (FAC ¶ 1), while Oracle is a cloud-storage provider (*id.* ¶ 99). Their relationship, if any, is vertical, not horizontal. *See United States v. Topco*

*Assocs., Inc.*, 405 U.S. 596, 608 (1972) (vertical relationships are those between "persons at different levels of the market structure, e.g., manufacturers and distributors").

*Finally*, because the alleged relationship between ByteDance and Oracle is vertical, not horizontal, the "rule of reason" applies. *See Am. Express Co.*, 585 U.S. at 541 (all restraints that are not *per se* unreasonable are judged by the "rule of reason"). To avoid dismissal at the pleading stage, the plaintiff must at least (1) define the market and (2) make "specific factual allegations" of anticompetitive effects. *Jacobs*, 626 F.3d at 1336, 1339. But Plaintiff does neither. Plaintiff fails to "present enough information in [its] complaint to plausibly suggest the contours" of a relevant market. *See id.* at 1336. "Without a definition of [the] market there is no way to measure [the defendant's] ability to lessen or destroy competition," requiring dismissal. *Am. Express Co.*, 585 U.S. at 543 (quotations omitted). Plaintiff also fails to plead "specific anticompetitive effects," *In re Short Squeeze*, 105 F.4th at 1355, such as "reduction of output, increase in price, or deterioration in quality," *Jacobs*, 626 F.3d at 1339. Plaintiff's only allegation of harm is to its *own* profits and business opportunities. (*See* FAC ¶ 179).

### B.   Plaintiff's tortious interference claim fails.

Count Two asserts a tortious interference claim. To state a claim for tortious interference with advantageous business relationships under Florida law, a plaintiff must show "(1) the existence of a business relationship under which the plaintiff has legal rights; (2) an intentional and unjustified interference with the relationship; and (3) damage to the plaintiff as a result of the tortious interference with that relationship." *Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (quotations omitted).

The elements of this claim are substantively similar in Arkansas, California, Delaware, and New York, the other jurisdictions that, from the face of the FAC, may have a relationship to this

claim.[7] Because the laws of those states all point to the same outcome—that Plaintiff fails to state a claim for tortious interference—the Court need not decide which state's law applies. *See, e.g.*, *Davis v. Great N. Ins. Co.*, 650 F. Supp. 3d 1332, 1338 (S.D. Fla. 2023) ("A choice of law analysis is only necessary if the outcome would be different based on one state's laws over the other.").

Plaintiff fails to state a claim for tortious interference under any relevant state's law because it has not plausibly alleged the existence of a relevant, specific business relationship under which it had any existing or prospective legal rights. A "speculative allegation regarding a *potential* business relationship is insufficient to support a tortious interference claim." *BWG Design Ltd., Inc. v. Serv. Am. Corp.*, 2010 WL 5014289, at *6 (S.D. Fla. Dec. 3, 2010). While Plaintiff alleges that it had "a reasonable expectation of economic advantage from its bid to acquire TikTok's U.S. operations" from ByteDance (FAC ¶ 183), that conclusory allegation misconstrues the Aug. 14, 2020 Order, which provided that ByteDance could not complete a divestment of TikTok's U.S. operations to any third party under the Order "(i) until *ByteDance* notifies CFIUS in writing of the intended recipient or buyer." 85 Fed. Reg. 51,297, Sec. 2(d)(i) (emphasis added). *Plaintiff's* alleged notification to CFIUS of its intention to submit an offer had no legal significance—and it certainly did not obligate ByteDance to sell TikTok's U.S. operations to Plaintiff. Neither the purported notification nor any other alleged action on the part of Plaintiff afforded it any "existing or prospective legal or contractual rights." *Collier HMA Physician Mgmt., LLC v. NCH Healthcare Sys., Inc.*, 591 F. Supp. 3d 1204, 1215 (M.D. Fla. 2022).

Plaintiff also has not plausibly alleged any cognizable form of interference. Plaintiff's theory is that it allegedly submitted bids *to Defendants* to buy TikTok's U.S. operations *from*

---

[7] *See, e.g.*, *Crockett v. C.A.G. Invs., Inc.*, 361 S.W.3d 262, 267 (Ark. 2010); *Malpiede v. Townson*, 780 A.2d 1075, 1099 (Del. 2001); *Crown Imports, LLC v. Sup. Ct.*, 168 Cal. Rptr. 3d 228, 235 (Cal. Ct. App. 2014); *Zetes v. Stephens*, 108 A.D.3d 1014, 1020 (N.Y. App. Div. 2013).

*Defendants*. (*See* FAC ¶ 78). Plaintiff contends that Defendants then interfered with those bids by not accepting them. But Defendants cannot tortiously interfere with themselves. *See MAC East, LLC v. Shoney's*, 535 F.3d 1293, 1297 (11th Cir. 2008) ("[A] tortious interference claim can be maintained only when the defendant is independent of or a stranger to the relation or contract with which he allegedly interfered.").[8]

### C.    Plaintiff's unjust enrichment claim fails.

Count Three asserts a claim for unjust enrichment. To state a claim for unjust enrichment under Florida law, a plaintiff must show that "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *In re Takata Airbag Prod. Liab. Litig.*, 255 F. Supp. 3d 1241, 1261 (S.D. Fla. 2017). These elements do not materially differ between the various states that may have a relationship to Plaintiff's claim.[9] For multiple reasons, the FAC fails to plead unjust enrichment.

*First*, Plaintiff does not plausibly allege that it conferred a benefit on ByteDance—*i.e.*, that ByteDance was enriched at Plaintiff's expense. Plaintiff alleges that ByteDance received the benefit of "maintaining control over TikTok's U.S. operations … , all while sidestepping the genuine divestment mandated by the Executive Order." (FAC ¶¶ 196, 198). But Plaintiff has not

---

[8] *Accord Shekerdemian v. Silverback United Inc.*, 2024 WL 3312036, at *2 (S.D. Fla. June 5, 2024) ("It is well settled that '[o]ne cannot tortiously interfere with a contract to which it is a party.'"); *Crystal Clear Comp. Sols. LLC v. City of Helena-West Helena*, 559 F. Supp. 3d 837, 855 (E.D. Ark. 2021) ("A party to a contract cannot … be held liable for interfering with the party's own contract.") (quotations omitted); *Sivas v. Luxottica Retail N. Am., Inc.*, 2019 WL 4189811, at *4 (E.D. Cal. Sept. 4, 2019) ("[Defendant] cannot be charged with interfering with its own relationship with [Plaintiff].").

[9] *See, e.g.*, *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010); *Hatchell v. Wren*, 211 S.W.3d 516, 522 (Ark. 2005); *Goel v. Ramachandran*, 111 A.D.3d 783, 791 (N.Y. App. Div. 2013); *Peterson v. Cellco P'ship*, 80 Cal. Rptr. 3d 316, 323 (Cal. Ct. App. 2008).

alleged—and cannot plausibly allege—that it conferred that benefit on ByteDance. *See, e.g.*, *Davis v. Chapon*, 2015 WL 10791962, at *5 (M.D. Fla. Aug. 11, 2025) (dismissing unjust enrichment claim for failure to plausibly allege that plaintiff conferred a benefit on defendant). As explained above, what ultimately allowed ByteDance to maintain control over TikTok's U.S. operations, despite the Aug. 14, 2020 Order, was a legal challenge to the Order brought *by Defendants*, not by Plaintiff. *See* page 6, *supra*.

*Second*, Plaintiff fails to plausibly allege that ByteDance "voluntarily accepted" and "retained" a benefit. *See In re Takata Airbag Prod. Liab. Litig.*, 255 F. Supp. 3d at 1261. To the extent that Plaintiff alleges that the benefit it conferred on Defendants was its alleged "strategic briefs" containing "new options and strategies" (FAC ¶ 198), Plaintiff repeatedly alleges elsewhere in the FAC that Defendants *rejected* those strategies (*see, e.g.*, *id.* ¶¶ 141, 186). Indeed, those briefs advocated for the sale of TikTok's U.S. operations *to Plaintiff*. (*Id.* ¶ 198). Defendants did not accept that advice. Reading the FAC as a whole, *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1252 n.11 (11th Cir. 2005), Plaintiff's claim for unjust enrichment therefore fails. *See, e.g.*, *Mitsui O.S.K. Lines, Ltd. v. Dynasea Corp.*, 85 Cal. Rptr. 2d 1, 4 (Cal. Ct. App. 1999) (defendant "obtained no benefit from the containers it rejected").

**D.    Plaintiff's consumer protection claims fail.**

Counts Four and Six assert consumer protection claims under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204, *et seq.* ("FDUTPA"). Court Four alleges that ByteDance "falsely portrayed the Oracle partnership as a genuine divestment of TikTok's U.S. operations." (FAC ¶ 213). Count Six alleges that Defendants unfairly used the "TikTok Global" brand. (*Id.* ¶ 235). To state a claim under FDUTPA, a plaintiff must show "(1) a deceptive act or unfair practice, (2) causation, and (3) actual damages." *State Farm Mut. Auto. Ins. Co. v. Performance Ortho. & Neurosurgery, LLC*, 315 F. Supp. 3d 1291, 1300 (S.D. Fla. 2018). A

deceptive act or unfair practice is one that, among other things, is likely to mislead or injure consumers. *See id.* (quotations omitted). Plaintiff's FDUTPA claims fails for at least two reasons.

*First*, to state a FDUTPA claim, "a plaintiff must allege that the underlying practice or act was harmful *to a consumer*." *Golden v. Mercury Auto Transp., LLC*, 2024 WL 821361, at *2 (S.D. Fla. Jan. 30, 2024) (emphasis added). But Plaintiff alleges only harm to itself. (*See* FAC ¶¶ 221–22, 235, 238). And Plaintiff, in this context, is not plausibly a consumer. Rather, Plaintiff alleges that it was a business competitor (*see id.* ¶ 162), interested in acquiring a portion of Defendants' business. *See In re Takata Airbag Prods. Liab. Litig.*, 524 F. Supp. 3d 1266, 1293 (S.D. Fla. 2021) (considering a business competitor to be a non-consumer). That alone warrants dismissal. *See Tymar Dist. LLC v. Mitchell Grp. USA, LLC*, 558 F. Supp. 3d 1275, 1290 (S.D. Fla. 2021).

*Second*, "FDUTPA applies only to action that occurred within the state of Florida." *Zarfati v. Artsana USA, Inc.*, 2025 WL 373081, at *12 (S.D. Fla. Jan. 15, 2025) (quotations omitted). Plaintiff does not allege that *any* of Defendants' conduct occurred in Florida. The FAC concedes that Defendants are not Florida corporations or residents. (*Id.* ¶¶ 15–16). Plaintiff's predecessors—which allegedly submitted the bids to Defendants—were not Florida residents either. (*Id.* ¶ 14). The only connection this case has to Florida is the allegation that Plaintiff itself is now a Florida LLC. (*Id.*). But Plaintiff does not allege that it was a Florida LLC in 2020 when the alleged false representations and unfair conduct occurred. And Plaintiff cannot allege that Defendants' conduct was "directed to [Plaintiff] in Florida and that Florida consumers were misled." *Buckley v. Moore*, 2021 WL 3173185, at *9 (S.D. Fla. July 26, 2021). Thus, Plaintiff's FDUTPA claims fail. *See W.W. Sports Importadora Exportadora e Comercial Ltda v. BPI Sports, LLC*, 2016 WL 9375202, at *5 (S.D. Fla. Aug. 11, 2016) (dismissing FDUTPA claim against "non-resident defendant accused of no wrongful conduct in Florida").

### E.       Plaintiff's RICO claims fail.

Counts Seven and Eight assert claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), based on a series of vague and conclusory allegations concerning what Plaintiff calls (but does not define) the "Z-BOT RICO Enterprise." (*See, e.g.*, FAC ¶¶ 53–77).

"A private plaintiff suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). If there is no substantive RICO violation, there is no conspiracy. *See Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1269 (11th Cir. 2004). Plaintiffs' RICO claims fail for several reasons.

*First,* the FAC does not plausibly allege an "enterprise." A RICO plaintiff asserting an association-in-fact enterprise (FAC ¶ 54) must allege that the participants of the enterprise "shared a fraudulent or otherwise criminal common purpose." *DJ Lincoln Ents., Inc. v. Google, LLC*, 2021 WL 3079855, at *2 (S.D. Fla. July 21, 2021); *see also Cisneros*, 972 F.3d at 1211. Plaintiff does not do so. Especially as to the alleged non-party participants, the FAC alleges only "innocuous conduct that does not itself demonstrate a fraudulent purpose." *DJ Lincoln Ents., Inc.*, 2021 WL 3079855, at *2. And Defendants cannot be in a RICO enterprise by themselves. *See U1itforless, Inc. v. FedEx Corp.*, 871 F.3d 199, 206 (2d Cir. 2017).

*Second*, the FAC fails to allege a "pattern" of unlawful activity. To plead a "pattern," a plaintiff must allege a series of related predicates "extending over a substantial period of time" or predicate acts that by their nature "project[] into the future with a threat of repetition." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241–42 (1989). A "substantial period of time" is

measured in years, not weeks. *Cisneros*, 972 F.3d at 1216. But the acts complained of in the FAC all took place in September 2020. And there is no "threat of repetition." Defendants' alleged efforts to avoid divestment under a Presidential order that is no longer being enforced, *see* page 6, *supra*, is "by its very nature a singular event," *Ubuy Holdings, Inc. v. Gladstone*, 340 F. Supp. 2d 1343, 1349 (S.D. Fla. 2004).

*Third*, the FAC does not plausibly allege any predicate "racketeering activity." RICO defines "racketeering activity" as indictable acts under enumerated state and federal crimes. *See* 18 U.S.C. § 1961(1). Although Plaintiff refers to mail and wire fraud, theft of trade secrets, economic espionage, and bribery (*see, e.g.*, FAC ¶¶ 85–86, 101–05, 120–22, 242), the FAC fails to put forward "enough facts with respect to each predicate act to make it independently indictable as a crime." *Cisneros*, 972 F.3d at 1215.

RICO claims predicated on mail or wire fraud "must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with Fed. R. Civ. P. 9(b)'s heightened pleading standard." *Am Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). The FAC "contains a litany of alleged wrongdoing; it lacks, however, any specific descriptions of allegedly fraudulent statements, documents or misrepresentations or the specific defendant(s) responsible for them." *Drummond v. Zimmerman*, 454 F. Supp. 3d 1210, 1218 (S.D. Fla. 2020). There is only one vague allegation of a misrepresentation: Defendants' allegedly false portrayal of the Oracle partnership as a divestment of TikTok's U.S. operations. (FAC ¶ 213). That allegation, on its own, is plainly insufficient to support an indictment of mail or wire fraud.

The FAC likewise fails to plead theft of trade secrets or economic espionage. For information to be a "trade secret," the owner of the information must take "reasonable measures to keep such information secret." 18 U.S.C. § 1839(3). Assuming that Plaintiff views its "offers"

and "strategy guide" as trade secrets (FAC ¶¶ 74, 103–05), Plaintiff does not allege that it took *any* measures to keep such information secret. To the contrary, Plaintiff shared them with the press, members of Congress, and others in an effort to generate support for its bid. (*Id.* ¶¶ 113, 116, 128; FAC Ex. 5, 6, 11). And there is no allegation that Defendants intended or knew that use of Plaintiff's purported "offers" or "strategy guide" would benefit a foreign government, an instrumentality of a foreign government, or an agent of a foreign government, to support an economic espionage claim. *See* 18 U.S.C. §§ 1831, 1839(1)–(2).

The FAC also fails to plead bribery: there is simply no allegation in the FAC that Defendants "corruptly" gave, offered, or promised "anything of value to any public official ... with intent ... to influence any official act." 18 U.S.C. § 201.

*Fourth*, the FAC does not plausibly allege an injury to Plaintiff's business or property. As demonstrated above, it is wholly implausible that Plaintiff would have been able to acquire TikTok's U.S. operations from Defendants but for the challenged conduct. *See* pages 4–6, *supra.* "[S]peculative allegations of economic injury are insufficient to state an injury to business or property under RICO." *Klayman v. Clinton*, 2015 WL 10857500, at *6 (S.D. Fla. Aug. 11, 2015).

*Fifth*, for that same reason, the FAC does not plausibly allege causation. A civil RICO plaintiff must "plead facts sufficient to give rise to a reasonable inference that the claimed racketeering activity … was the but-for and proximate cause of the plaintiff's injuries." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1349 (11th Cir. 2016). "The connection between the racketeering activity and the injury can be neither remote, purely contingent, nor indirect." *Id.* In this case, it is all three.

*Finally*, because Plaintiff has not alleged a cognizable RICO violation, the RICO conspiracy claim, Count Eight, fails. *See, e.g.*, *Jackson*, 372 F.3d at 1269 ("We have already found

that the complaint failed to state a substantive RICO claim, and the RICO conspiracy adds nothing. It simply concludes that the defendants 'conspired and confederated' to commit conduct which in itself does not constitute a RICO violation.").

### F.    Plaintiff's request for declaratory relief fails.

Court Five seeks declaratory relief. Plaintiff asks the Court to declare: (i) that Plaintiffs' alleged (and since revoked, *see* FAC ¶ 136) "offers" from 2020 to buy TikTok's U.S. operations "comply with the requirements" of PAFACA and the Aug. 14, 2020 Order; (ii) that ByteDance must divest TikTok's U.S. operations in accordance with PAFACA and the Aug. 14, 2020 Order; and (iii) that Plaintiff has the right to TikTok's U.S. operations. (*Id.* ¶ 232).

Even if a justiciable controversy existed, Plaintiff's request for declaratory relief fails. "Declaratory relief is a procedural device which depends on an underlying substantive cause of action and cannot stand on its own." *Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1119 (S.D. Fla. 2019). No cause of action could entitle Plaintiff to TikTok's U.S. assets on the basis of Plaintiff's alleged offers, which by Plaintiff's own admission are *withdrawn*. (FAC ¶ 136).

Indeed, neither PAFACA nor the Aug. 14, 2020 Order authorizes a cause of action at all. PAFACA vests exclusive enforcement authority in the Attorney General. *See* Pub. L. 118–50, div. H, 138 Stat. 955, Sec. 2(d). And any "petition for review challenging [PAFACA] or any action, finding, or determination under [PAFACA] may be filed only" in the D.C. Circuit. *Id.* Sec. 3(a). As the President's recent executive orders concerning TikTok make clear, "attempted enforcement [of PAFACA] by … private parties represents encroachment on the powers of the Executive." Exec. Order No. 14258, 90 Fed. Reg. 15,209 (Apr. 9, 2025), Sec. 1(d). The Aug. 14, 2020 Order likewise provides no mechanism for a private party to enforce its commands. *See* 85 Fed. Reg. 51,297, Sec. (h)(i); *see also Durr v. Strickland*, 602 F.3d 788, 789 (6th Cir. 2010) (plaintiff not entitled to declaratory relief under statute that provided no private right of action).

Even if there were an underlying cause of action that could entitle Plaintiff to substantive relief, Plaintiff's request for declaratory relief would fail on the merits. Plaintiff did not "comply" with the Aug. 14, 2020 Order because there is nothing in the Order with which Plaintiff *could* comply. *See* page 3, *supra*. And this Court cannot determine whether Plaintiff's alleged offers would "comply with the requirements of" PAFACA, because PAFACA vests "qualified divestiture" determinations with *the President*. 138 Stat. 955, Sec. 2(g)(6). In addition, neither the Aug. 14, 2020 Order nor PAFACA "obligate[s]" ByteDance to divest its TikTok U.S. operations because as of this filing neither the Aug. 14, 2020 Order nor PAFACA is being enforced. *See* page 6, *supra*; 90 Fed. Reg. 15,209. Indeed, PAFACA does not *require* divestment at all. Rather, it bans the TikTok platform in the U.S. *unless* there is a qualified divestiture. Under the terms of the statute, in other words, ByteDance could choose not to divest.

### III.     Plaintiff's Claims Are Time-Barred.

Dismissal is appropriate on statute-of-limitations grounds "if it is apparent from the face of the complaint that the claim is time-barred." *Blessinger v. Aecom*, 526 F. Supp. 3d 1319, 1324 (S.D. Fla. 2021) (quotations omitted).

The statute of limitations is four years, at most, for each of Plaintiff's substantive claims.[10] *See Morton's Market, Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 827 (11th Cir. 1999) (Clayton Act, governing private Sherman Act actions); *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1380 (11th Cir. 1997) (RICO); *Newer v. FCA US LLC*, 552 F. Supp. 3d 1344, 1363 (S.D. Fla. 2021) (FDUTPA and unjust enrichment); *MYD Marine Distributors, Inc. v. Donovan Marine, Inc.*, 2009 WL 701003, at *2 (S.D. Fla. Mar., 16, 2009) (tortious interference).

---

[10] Plaintiff's deficient claim for declaratory relief is considered "procedural" and does not have its own statute of limitations; "it is the substantive right sued upon that governs the applicable limitations period." *Padilla*, 391 F. Supp. 3d at 1119–20.

Even if Plaintiff had stated a claim for relief, that claim would have accrued in September 2020, more than four years ago. Plaintiff's antitrust claim would have accrued in September 2020 when ByteDance and Oracle allegedly conspired to suppress Plaintiff's bid to buy TikTok's U.S. operations (FAC ¶ 162). *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971) (antitrust claim accrues "when a defendant commits an act that injures a plaintiff's business"). Plaintiff's conclusory allegation that ByteDance's "continued refusal to divest" constitutes an "ongoing violation" (FAC ¶ 181) is beside the point: "even when a plaintiff alleges a continuing violation, an overt act by the defendant is required to restart the statute of limitations and the statute runs from the last overt act." *Pace Indus., Inc. v. Three Phoenix Co.*, 813 F.2d 234, 237 (9th Cir. 1987). Plaintiff's RICO claims likewise would have accrued in September 2020 when Plaintiff's predecessor was allegedly injured as a result of its inability to acquire TikTok's U.S. operations (FAC ¶ 244). *See Maiz v. Virani*, 253 F.3d 641, 676 (11th Cir. 2001) ("[T]he limitations period for a civil RICO action begins to run when the injury was or should have been discovered.").

Plaintiff's tortious interference claim would have accrued no later than September 2020 when ByteDance allegedly "engaged in deliberate acts of interference" with Plaintiff's attempted bid (FAC ¶ 186).[11] *See Effs v. Sony Pictures Home Ent., Inc.*, 197 So.3d 1243, 1244–45 (Fla. Dist. Ct. App. 2016) (tortious interference claim accrued when plaintiff learned of alleged interference, and continuing tort doctrine did not apply).[12]

---

[11] Tortious interference has a three-year statute of limitations in Arkansas, Delaware, and New York, and two-year statute of limitations in California. *See Gunn v. Farmers Ins. Exch.*, 372 S.W.3d 346, 352 (Ark. 2010); *SmithKline Beecham v. Merck & Co.*, 766 A.2d 442, 450 (Del. 2000); *Enzo Biochem, Inc. v. Amersham PLC*, 981 F. Supp. 2d 217, 225 (S.D.N.Y. 2013); *Optronic Techs. v. Celestron Acquisition, LLC*, 329 Cal. Rptr. 3d 714, 729 (Cal. Ct. App. 2025).

[12] *Accord Progressive Sterilization, LLC v. Turbett Surg. LLC*, 2020 WL 1849709, at *3 (D. Del. Apr. 13, 2020); *Mtn Home Flight Serv., Inc. v. Baxter Cnty*, 2012 WL 2339722, at *4 (W.D. Ark. June 19, 2012); *Boon Rawd Trading Int'l Co., v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 952 (N.D. Cal. 2010); *Andrew Greenberg, Inc. v. Svane, Inc.*, 36 A.D.3d 1094, 1099 (N.Y. 2007).

Plaintiff's unjust enrichment claim would have accrued no later than September 2020 when ByteDance allegedly received the benefit of "maintaining control over TikTok's U.S. operations" by "dismissing [Plaintiff's] legitimate acquisition proposals." (FAC ¶¶ 196, 198).[13]  *See Flatirons Bank v. Alan W. Steinberg Ltd P'ship*, 233 So.3d 1207, 1213 (Fla. Dist. Ct. App. 2017) ("The statute of limitations for an unjust enrichment claim begins to run at the time the alleged benefit is conferred and received by the defendant.").[14] And Plaintiff's FDUTPA claims would have accrued in September 2020 when ByteDance allegedly misrepresented the alleged Oracle partnership and "misappropriated" the "TikTok Global" name, allegedly causing Plaintiff's damages (FAC ¶¶ 213, 235). *See Sundance Apartments I, Inc. v. Gen. Elec. Cap. Corp.*, 581 F. Supp. 2d 1215, 1223 (S.D. Fla. 2008) (FDUTPA claim accrues when all elements of claim have occurred).

## CONCLUSION

This case should be dismissed with prejudice. There is no reason why this vexatious, serial litigant should be given further leave to amend. *See Hogan v. Georgia*, 812 Fed. Appx. 975, 976 (11th Cir. 2020) (affirming dismissal with prejudice when plaintiff alleged a "vast conspiracy" that was "wildly implausible" and "patently frivolous"). Drafting a plausible complaint would be futile. *See In re Fundamental Long Term Care, Inc.*, 873 F.3d 1325, 1347–48 (11th Cir. 2017).

---

[13] Unjust enrichment has a three-year statute of limitations in Arkansas, Delaware, and New York (for money damages) and two years in California. *See Keller v. FCOA, LLC*, 2016 WL 110590, at *1 (W.D. Ark. Jan. 8, 2016), *MirTech Inc. v. AgroFresh Inc.*, 561 F. Supp. 3d 447, 455 (D. Del. 2021); *Matana v. Merkin*, 957 F. Supp. 2d 473, 494 (S.D.N.Y. 2013); *City of L.A. v. Bank of Am.*, 2015 WL 4880511, at *3 (C.D. Cal. May 11, 2015).

[14] *Accord Davis v. BAC Home Loans Servicing, L.P.*, 2022 WL 4535623, at *5 (D. Del. Sept. 28, 2022); *Hampton v. Wells Fargo Bank, N.A.*, 2022 WL 798120, at *11 n.218 (E.D. Ark. Mar. 15, 2022); *Deutsch v. Cook*, 2021 WL 5771667, at *3 (E.D. Cal. Dec. 6, 2021); *L.I. Head Start Child Dev. Servs. v. Econ Opp'y Comm'n of Nassau Cnty*, 558 F. Supp. 2d 378, 409 (E.D.N.Y. 2008).

June 2, 2025

Respectfully submitted,

_/s/Spencer Silverglate_____
Spencer Silverglate (Florida Bar No. 769223)
Shawn Libman (Florida Bar. No. 10544)
Ana Sarmento (Florida Bar. No. 1025053)
CLARKE SILVERGLATE, P.A.
5301 Blue Lagoon Drive, 9th Floor
Miami, FL 33126
Phone: 305-347-1557
Facsimile: 305-377-3001
ssilverglate@cspalaw.com
slibman@cspalaw.com
asarmento@cspalaw.com

Benjamin C. Block (*pro hac vice*)
Noah H. Resnick (*pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
Phone: 202-662-6000
Facsimile: 202-778-6000
bblock@cov.com
nresnick@cov.com

*Attorneys for Defendants*
*ByteDance Ltd. and TikTok Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to all parties that have appeared in this action.

*/s/Spencer Silverglate*
Spencer Silverglate